**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**ANTHONY BROWN**                                                    **PETITIONER**

**v.**                                                        **No. 2:06CV49-D-A**

**STATE OF MISSISSIPPI, ET AL.**                                **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Anthony Brown (# K8016) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved on June 22, 2006, to dismiss the instant petition as untimely filed under 28 U.S.C. § 2244. The petitioner moved on July 2, 2006, to dismiss his petition without prejudice. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

**Facts and Procedural Posture**

Anthony Brown pled guilty to possession of a controlled substance in the Circuit Court of DeSoto County, Mississippi. He was sentenced August 31, 2001, to serve a term of ten years in the Mississippi Department of Corrections. The order specified that the sentence would run concurrent with the petitioner's sentence in Shelby County, Tennessee. By statute, there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. The petitioner then filed a "Motion for Sentence/Plea Agreement Correction" dated March 26, 2003, and stamped as filed August 4, 2003. The trial court denied that motion August 5, 2003. The trial court found the order not to be appealable – and for that reason denied the petitioner's request for leave to appeal *in forma pauperis*. The court treated the motion for sentence correction as a request to clarify the

sentence, rather than a motion for post-conviction relief. The petitioner appealed the lower court's decision; that appeal was, however, dismissed on November 4, 2003, pursuant to M.R.A.P. 2(a)(2) for failure to pay the costs of the appeal. The petitioner also filed a "Motion for Post-Conviction Relief" in the DeSoto County Circuit Court on April 16, 2004. The DeSoto County Circuit Court denied the petitioner's motion June 1, 2004. Brown appealed the lower court's denial of post-conviction relief, and the Mississippi Court of Appeals affirmed November 1, 2005. *Brown v. State*, 920 So. 2d 1037 (Miss.App. 2005), *reh'g denied*, February 7, 2006.

## Discussion

This case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

None of the exceptions found in 28 U.S.C. § 2244(d)(1)(B-D) apply in the instant case. As such, the court must determine first, the date the petitioner's conviction became final, then whether the one-year limitations period might have been tolled, and, finally, the amount of tolling, if any. By statute, there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. The petitioner's judgment therefore became final on October 1, 2001, thirty days after he was sentenced on his guilty plea. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Therefore, the deadline for Brown to file a federal petition for a writ of *habeas corpus* expired one year later, October 1, 2002. The petitioner did not file a motion for post-conviction relief on or before that deadline; as such, he may not benefit from statutory tolling under 28 U.S.C. § 2244(d)(2). Neither has the petitioner alleged any rare and exceptional circumstances to warrant equitable tolling in this case. *Ott v. Johnson*, 192 F.3d at 513-14. Thus, the petitioner's deadline for filing his federal petition remains October 1, 2002.

Under the "mailbox rule," a *pro se* petitioner's federal *habeas corpus* petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the petition was filed sometime between the date it was signed on March 1, 2006, and the date it was received and stamped "filed" in the district court on March 6, 2006. Giving the petitioner the benefit of the doubt by using the earlier date, his petition was filed 1,247 days (well over three years) after the October 1, 2002, federal *habeas corpus* deadline. For these reasons, the instant petition for a writ of *habeas*

*corpus* shall be dismissed as untimely filed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 25th day of October, 2006.

                                             /s/ Glen H. Davidson
                                             CHIEF JUDGE